IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRITTAN EZEKIEL KETTLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00947 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE CAMPBELL |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Pending before the Court is Petitioner's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. Nos. 1, 2), the Government's Response (Doc. No. 40), Petitioner's Reply (Doc. No. 47). For the reasons stated below, Petitioner's Motion will be denied.

### I.   BACKGROUND

Over Father's Day weekend 2016, Petitioner prostituted a thirteen-year-old child, "A.D." to at least six different men. Law enforcement interviewed the child a few days later, and a special agent with the FBI filed a criminal complaint in this Court against Petitioner and Stormy Whittemore on July 6, 2016. (Doc. No. 3 in Case No. 3:16-cr-00163).[1] Petitioner and Whittemore were arrested the following week. In a post-arrest interview, Petitioner admitted to "helping" Whittemore and A.D. engage in prostitution. He also admitted to knowing that A.D. was a minor at the time, telling officers that he "believed she was 17." A grand jury indicted Petitioner and Whittemore of one count of sex trafficking a child in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (c) and § 2, and one count of conspiracy to do the same in violation of 18 U.S.C. § 1594(c).

---

[1]   Stormy Whittemore was an eighteen-year-old who agreed to help Petitioner build a prostitution "empire." Whittemore and A.D. lived in the same trailer park and had "grown up together." Petitioner prostituted Whittemore during the same weekend he prostituted A.D.

Bob Lynch represented Petitioner from the day of Petitioner's arrest and initial appearance in July 2016, through October 17, 2017. (Lynch Affidavit, Doc. No. 40-1 ¶ 2; Doc. No. 229 in Case No. 3:16-cr-00163). During that time, Petitioner attended multiple hearings in which the Court and counsel discussed his sentencing exposure. It first came up during his detention hearing on July 18, 2016. (Doc. No. 39 at PageID # 294) ("…He's facing, depending, a 10-year or 15-year mandatory minimum in this case based on the minor victim's age…")). Next, on August 10, 2017, Mr. Lynch explained in Court that the minor victim had changed her testimony such that Petitioner could face a mandatory minimum of 15-years:

> Mr. Lynch: …And now come to find out – and I need to orally amend my response to their motion in limine where I said there was no evidence in the record that my client knew her age, that they would have to rely on the other portions of the statute.
>
> But now for the first time I realize, just last week, they had the victim here in the US Attorney's Office with her parents where she admitted that she had lied … when she said that my client … didn't knew her age and … that she never told him her age and he didn't know her age…
>
> The Court: …You're saying that she was recently interviewed and she now says she lied when she said that he didn't know her age? Is that what you're saying?
>
> Mr. Lynch: Now she's saying that he knows her – she told him specifically that she told him she was 13.
>
> The Court: Okay. She's saying now that she told him that she was 13?
>
> Mr. Lynch: Right. ….. this is a pretty dramatic change in her testimony. In fact, puts my client in a totally different category, presumably. I don't know if the government's going to change their position on that, but they stated in open court that they were only seeking the mandatory minimum of ten years.

2

> Now with this testimony, they can certainly do a mandatory minimum of 15 years. …

(Doc. No. 244 at PageID # 1540-43).

The parties, including Petitioner, appeared before the Court again a week later and further discussed the possibility that Petitioner could face a 15-year sentence:

| | |
|---|---|
| Ms. Ingram: | And then I was just inquired by my co-counsel, as far as the under 14, Your Honor asked if the jury had to find that – and I just wanted to clarify, the jury has to find that for the enhancement. |
| The Court: | Yes. The punishment – |
| Ms. Ingram: | Right. They couldn't find – right. So I just want to make sure that the Court and I were on the same page. |
| The Court: | For the enhancement. |
| Ms. Ingram: | Yes, Your Honor. |
| The Court: | But for the conviction, they just have to – you just have to prove she was under 18. |
| Ms. Ingram: | That's correct. |
| The Court: | And so if she's under 14, then it's a minimum mandatory 15 years. If she's under 18, it's a minimum mandatory 10. |
| Ms. Ingram: | Correct. |
| The Court: | All right. |

*****

| | |
|---|---|
| The Court: | Motion No. 5 by the defendant. Okay. He doesn't want to have any proof of the actual age … of the victim, and he says he will stipulate that she was under 18. The government responds that the jury needs to find as a matter of fact that she was under 14. Correct? |

3

| | |
|---|---|
| Ms. Ingram: | Yes, Your Honor. For the enhancement to apply. |
| The Court: | For the enhancement to apply. Whether he knew that is another question. That's going to be a matter of proof… |

*****

| | |
|---|---|
| Mr. Lynch: | … This whole question of being under 14 is new to us because the government had taken the position earlier that they were not going to seek the enhancement, the 15 years. … And I understand their proof has changed now since last week or two weeks ago when the victim said that she told my client that she was 13…. |
| | But until the victim changed her testimony two weeks ago, it was my position …that the government didn't have any proof from any witnesses… as to his knowledge of her age. And then – they would consequently have to rely on these presumptions or the reckless disregard and these kind of things. … |

(Doc. No. 245 at PageID # 1565-66, 1585-94 in Case No. 3:16-cr-00163).

Thereafter, Mr. Lynch engaged in plea negotiations with the Government and obtained a favorable plea offer under which the Government agreed to dismiss the trafficking charges and to permit Petitioner to plead to two counts of promoting prostitution with an agreed upon ten-year sentence. (Lynch Affidavit, Doc. No. 40-1 ¶ 10). The plea offer would have prevented Petitioner from facing a 15-year sentence and from the designation of a Type 1 Registered Child Sex Offender. (*Id.*). During a hearing on October 11, 2017, the Court confirmed Petitioner's awareness and understanding of the deadline to accept the plea offer:

| | |
|---|---|
| Ms. Ingram: | Lastly, Your Honor, I just wanted to put on the record that we do have plea negotiations that have been ongoing. Our plea deadline is tomorrow at close of business at 5 o'clock. I'm not sure what will happen with that, but I wanted to alert the Court that after that we don't expect any plea negotiations will occur after that. |

| | | |
|---|---|---|
| The Court: | Okay. | |
| Ms. Ingram: | Thank you. | |
| The Court: | And any offers will be withdrawn as of that time? | |
| Ms. Ingram: | 5 o'clock tomorrow, Your Honor, yes. | |
| The Court: | Okay. So the only option would be pleading to the indictment. | |
| Ms. Ingram: | That's correct. | |
| The Court: | Okay. Does – Mr. Kettles, you understand that? Mr. Kettles? | |
| Defendant: | Yeah, I understand. | |
| The Court: | You understand that? Okay. | |

(Doc. No. 246 at PageID # 1682 in Case No. 3:16-cr-00163).

The Court held a hearing the following afternoon, attended by Petitioner, less than three hours before the Government's plea offer expired, during which the parties addressed what the Government would have to prove at trial regarding Petitioner's knowledge of the victim's actual age and that Petitioner faced exposure of a mandatory minimum of 15 years if convicted at trial:

| | |
|---|---|
| The Court: | Mr. Kettles seems to think he has a rich uncle in Detroit who's going to be able to retain new counsel for him. And let me just ask you – I shouldn't get involved in plea negotiations, but I want to make sure that Mr. Kettles fully understood. He seemed to think that he could plead open to two lesser included offenses without an agreed sentence. Is that something you are willing to offer him? |
| Ms. Ingram: | No, Your Honor. First, our position is what he would be looking for is not, in fact, a lesser included offense. We think that it's a separate offense. |

5

| | |
|---|---|
| The Court: | That was my research in terms of instructions. I was going to tell you that today, that that is not a lesser included offense. |
| Ms. Ingram: | So our position would be there is no lesser included offense to plead guilty to, even if that was something he wanted to do. |
| | Secondly, what he is facing, and the strict liability aspect of this, is his attorney and we are all in agreement that if he's convicted and we prove that the victim was under 14, we do not have to prove that he knew she was under 14. So with that, he's facing exposure of a mandatory minimum of 15 years if convicted at trial. |
| | The defense attorney has done an incredible job advocating for his client. We have been willing to negotiate far more than we would have because of the defense attorney's advocacy. |
| | We have looked at this in every way possible, including comparing him to the codefendant and her culpability in this, which is why we've agreed to have him plead to something else. This is one of the best plea offers I have ever made and will ever make in a case like this to him. It will not get any better. |
| | And I wanted him to understand that at 5 o'clock today, the plea agreement is being taken off the table, whether he has new counsel, retained counsel…. |
| | So whether Your Honor lets new counsel in or not, I'm representing to this Court that there will no longer be a plea offer after 5 o'clock today. |
| The Court: | So no new counsel is going to get any better deal than has already been offered. |
| Ms. Ingram: | That's correct. And will not get the deal that has been offered. He's had time to think about this, Your Honor. |

*****

| | | |
|---|---|---|
| The Court: | | Okay. I want to make sure you fully understand that this sweetheart deal that has been offered to you expires at 5 o'clock. Do you understand that? |
| Defendant: | | Uh-huh (affirmative) |
| The Court: | | It doesn't matter who your lawyer is after that, it will not be given to you again. Do you understand that? |
| Defendant: | | Yes. |
| The Court: | | Yes. Okay. Very good.… |

(Doc. No. 247 at PageID # 1686-1690, 1715-16).

Petitioner did not accept the plea offer and a few days later the Court granted Mr. Lynch leave to withdraw on the basis that the attorney client relationship had ruptured to the point that it was irreparable. (Doc. Nos. 227, 229 in Case No. 3:16-cr-00163). Ben Russ represented Petitioner from October 18, 2017, through Petitioner's trial and appeal. (Russ Affidavit, Doc. No. 40-2 ¶ 2). The Government did not extend any plea offers during Mr. Russ's representation of Petitioner. (*Id*. ¶ 5). A jury convicted Petitioner on both counts and found that A.D. had not attained the age of 14 years at the time of the offenses. (Doc. No. 370 in Case No. 3:16-cr-00163). Judge Trauger sentenced Petitioner to 180 months' imprisonment. (Doc. No. 450 in Case No. 3:16-cr-00163).

Petitioner timely appealed his conviction, challenging various evidentiary rulings, the jury instructions and verdict form, the denial of his motion for new trial, the denial of his motion to dismiss the indictment under the void-for-vagueness doctrine, and arguing that the indictment had been constructively amended. *See United States v. Kettles*, 970 F.3d 637 (6th Cir. 2020). A panel of the Sixth Circuit affirmed Petitioner's conviction. *See id*. Petitioner now seeks to vacate his sentence on grounds that: (1) Russ was ineffective for causing nonacceptance of a plea offer; (2) Mr. Lynch was ineffective for causing nonacceptance of a plea offer; and (3) Mr. Russ was ineffective for failing to argue the correct issues before trial, during trial, and on appeal.

## II. LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)); *see also Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999).

To prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004). A court deciding an ineffective assistance claim does not need to address both requirements if the petitioner makes an insufficient showing on one. *Id*. at 697. Appellate counsel's assistance is assessed under the same *Strickland* two-part standard. *Richardson v. Palmer*, 941 F.3d 838, 858 (6th Cir. 2019) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 669; *Ludwig v. United States*,

162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 669.

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because the record conclusively shows that Petitioner is not entitled to relief.

### III.   ANALYSIS

As an initial matter, Petitioner's first ground for relief – that Mr. Russ was ineffective for causing nonacceptance of a plea offer – fails because the Government did not extend any plea offers during Mr. Russ's representation of Petitioner. (Russ Affidavit, Doc. No. 40-2 ¶ 5). Accordingly, Petitioner has failed to show deficient performance by Mr. Russ in the plea bargain context. The Court will address Petitioner's remaining claims in turn.

9

A. **Ineffective Assistance of Counsel**

 1. Bob Lynch

Petitioner claims that Mr. Lynch rendered ineffective assistance of counsel in the plea bargain context by misadvising him of the law, which led Petitioner to reject the Government's plea offer. (*See* Doc. No. 2 at PageID # 24 ("[Lynch] failing to inform defendant of the relevant law (pertaining to defendants' indictment) which caused defendant to reject government plea offer"); Doc. No. 2-2 at PageID # 55 ("that Bob Lynch['s] … gross misadvise is what led defendant to reject the government plea offer while proceed to trial.")). Petitioner claims he would have taken the plea offered if he had known he would face a 15-year sentence and that the Government didn't have to prove he knew the victim's actual age to get a conviction. (Doc. No. 2-2 at PageID # 59-60). As supporting facts for this claim, Petitioner asserts through his Declaration that:

- Bob Lynch informed Petitioner than the max he could face at trial was 120 months, and that the government would have to prove that he knew the victim's actual age to sustain a conviction.

- Lynch's foregoing advise to Petitioner is what caused Petitioner to reject the Government's plea offer.

(Sealed, Doc. No. 10 at PageID # 138).

In some circumstances, Petitioner's assertions regarding what his attorney told him would create a question of fact requiring a hearing. But here, Petitioner's key allegation – that he rejected the plea offer because Mr. Lynch advised Petitioner that the maximum sentencing exposure he would face at trial was 10 years and that the Government would have to prove that Petitioner knew the victim's actual age to sustain a conviction – is contradicted by the record. *See Gabrion v. United States*, 43 F.4th 569, 589 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 2667 (2023) ("no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

Specifically, before Petitioner rejected the plea offer and less than three hours before the plea offer expired, the Government stated on the record:

> [Lynch] and we are all in agreement that if he's convicted and we prove that the victim was under 14, we do not have to prove that he knew she was under 14. So with that, he's facing exposure of a mandatory minimum of 15 years if convicted at trial.

(Doc. No. 247 at PageID # 1688). Thus, the record shows that Mr. Lynch and the Government both agreed before the expiration of the plea offer that the Government would not have to prove that Petitioner knew the victim was under 14 and that Petitioner would face exposure for a 15-year sentence if convicted at trial. The record also shows that Petitioner was present in Court when the foregoing statement was made and shows that Petitioner was informed, before he rejected the plea offer, that the Government did not have to prove he knew the victim's actual age to get a conviction and that he could face a 15-year sentence if convicted at trial. On this record, Petitioner cannot show that Mr. Lynch was ineffective or that his actions in the plea negotiations resulted in prejudice.

  2. Ben Russ

Petitioner argues Mr. Russ was ineffective *before trial* by: (1) failing to argue the superseding indictments violated Petitioner's Fifth Amendment right against double jeopardy and (2) failing to request a bill of particulars. Because Mr. Russ *did* request a bill of particulars in advance of trial, (*see* Doc. No. 294 in Case No. 3:16-cr-00163), Petitioner has not shown deficient performance by Mr. Russ based on a failure to request a bill of particulars. And because the Fifth Amendment's Double Jeopardy Clause protects against a second prosecution for the same offense *after* conviction or acquittal, *Currier v. Virginia*, 585 U.S. 493, 501 (2018), Petitioner fails to show prejudice from Mr. Russ's failure to challenge the superseding indictments on double jeopardy grounds before trial. *See Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) (citing *Mahdi*

*v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) ("No prejudice flows from the failure to raise a meritless claim.")).

Petitioner argues Mr. Russ was ineffective *at trial* by failing to argue in his motion for acquittal that the jury instructions and verdict form constructively amended the indictment, which resulted in that issue being subject to a plain error standard of review. Petitioner contends that Mr. Russ's failure to raise this issue was prejudicial because it left him with an unfair outcome at trial and precluded any chance for dismissal. The Sixth Circuit considered and rejected this constructive amendment argument on direct appeal:

> The Fifth Amendment shields a defendant from prosecution on "charges that are not made in the indictment against him." *See Stirone v. United States*, 361 U.S. 212, 215–217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *see also* U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ...."). Thus, we have held that a district court cannot constructively amend an indictment through its jury instructions and verdict forms. *See, e.g.*, *United States v. Ford*, 872 F.2d 1231, 1237 (6th Cir. 1989). A constructive amendment occurs when the instructions and verdict form "modify essential elements of the offense charged such that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Kuehne*, 547 F.3d 667, 683 (6th Cir. 2008) (citation omitted).
>
> Here, the indictment charged Kettles with, among other things, recruiting, enticing, and transporting A.D., while "knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe [A.D.], that [A.D.] had not attained the age of 14 years and that [A.D.] would be caused to engage in a commercial sex act." In contrast, for § 1591(b)(1)'s enhanced penalties to apply, the jury instructions and verdict form required the jury to find that A.D. was, in fact, under fourteen, but did not require the jury to find that Kettles knew, recklessly disregarded, or had a reasonable opportunity to observe her age. The jury instructions and verdict form reflected the correct reading of the statute, as explained above. Yet, because the indictment alleged more than was necessary under the statute, Kettles argues that the district court constructively

12

Case 3:21-cv-00947 Document 61 Filed 11/08/24 Page 12 of 14 PageID #: 427

> amended the indictment by not requiring the jury to find more than was necessary under the statute as well.
>
> This argument fails. Indictments routinely include allegations that are either overinclusive or mere surplusage, and such "useless averment[s]" can simply be ignored when crafting jury instructions and verdict forms. *See United States v. Hathaway*, 798 F.2d 902, 911 (6th Cir. 1986) (quoting *United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985)); *see also United States v. Renzi*, 769 F.3d 731, 756–57 (9th Cir. 2014) ("[L]anguage that describes elements beyond what is required under the statute is surplusage and need not be proved at trial." (internal citations omitted)). Here, the jury instructions contained all the elements required for the jury to find that § 1591(b)(1)'s enhanced penalties apply. That the indictment contained superfluous elements is of no consequence. The district court did not err; at the very least, no such error was "plain." *See Blood*, 435 F.3d at 625.

*United States v. Kettles*, 970 F.3d 637, 648–49 (6th Cir. 2020) (footnote omitted).[2] Because the underlying legal argument – that the jury instructions and verdict form constructively amended the indictment – lacks merit, the failure of Petitioner's trial counsel to raise that argument at trial does not constitute ineffective assistance of counsel. *See Tackett*, 956 F.3d at 375 ("The failure to raise a meritless claim does not constitute ineffective assistance of counsel.").

Next, Petitioner argues Mr. Russ was ineffective *on appeal* by abandoning a critical issue – that the indictment was constructively amended when the district court instructed the jury with language different from that found in the indictment or did not use all the language in the indictment – to pursue frivolous arguments. Appellate attorneys are ineffective if they decline to raise a claim on appeal that was plainly stronger than those actually presented to the appellate court. *Richardson v. Palmer*, 941 F.3d 838, 858 (6th Cir. 2019). But here, Mr. Russ did not abandon the argument that the jury instructions and verdict form constructively amended the

---

[2] Petitioner does not argue the result on appeal would have been different under *de novo* review, nor is there any indication in the record that the Court of Appeals would have resolved this issue in Petitioner's favor under *de novo* review.

13

indictment as Petitioner contends. Instead, Mr. Russ presented the foregoing argument as well as the argument that the implicit switch from the conjunctive to the disjunctive constructively amended the indictment, and the Court of Appeals rejected both arguments. *Kettles*, 970 F.3d at 647–48. Accordingly, Petitioner has not shown deficient performance by Russ on appeal.

Finally, Petitioner argues Mr. Russ was ineffective *after the conclusion of his appeal* by failing to provide Petitioner with written discovery to help him with his 2255. However, a defendant has no Sixth Amendment right to the assistance of counsel beyond the first appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("…the right to appointed counsel extends to the first appeal of right, and no further."). Accordingly, Petitioner could not be deprived of the effective assistance of counsel by Russ's failure to provide him with discovery materials after his appeal.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown deficient performance by Messrs. Lynch or Russ, or any prejudice based on Mr. Russ's failure to challenge the superseding indictments on double jeopardy or constructive amendment grounds. Accordingly, Petitioner's Motion (Doc. Nos. 1, 2) will be **DENIED**, and this action will be **DISMISSED**.

Because the Court considered the record in Petitioner's criminal case in resolving Petitioner's request for relief under Section 2255, Petitioner's motion (Doc. No. 54) requesting that his criminal docket sheet be made an exhibit in the present civil matter will also be **DENIED**.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE